J-S68044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA YUHAS, | : | |
| | : | |
| Appellant | : | No. 520 MDA 2017 |

Appeal from the PCRA Order February 17, 2017
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000628-2003
CP-40-CR-0000680-2002

BEFORE: LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:  **FILED NOVEMBER 16, 2017**

Joshua Yuhas (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

More than thirteen years ago, [Appellant] pled guilty to receiving stolen property and resisting arrest on information number 680 of 2002. He also pled guilty to possession of a controlled substance on information number 628 of 2003. Sentencing occurred on October 27, 2003. [Appellant] received a sentence of time served to one year on the receiving stolen property charge and was immediately paroled having served his minimum. [Appellant] was sentenced to one year concurrent terms of probation on the resisting arrest and possession of a controlled substance charges.

On January 14, 2004, [Appellant's] probation was revoked on both informations and he was remanded to the Luzerne County Correctional Facility. His maximum date on information number

_____

* Retired Senior Judge assigned to the Superior Court.

680 was July 18, 2004. His maximum date on information number 628 was October 27, 2004.

PCRA Court Opinion, 5/5/2017, at 1.

Appellant filed *pro se* the instant PCRA petition, his first, on December 23, 2016. The PCRA court appointed counsel. Subsequently, counsel filed a request to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On January 26, 2017, the PCRA court granted counsel leave to withdraw and issued a notice pursuant to Pa.R.Crim.P. 907, indicating its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response,[1] and on February 17, 2017, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[2]

---

[1] On the same day the PCRA court dismissed Appellant's petition, Appellant filed a motion seeking an extension of time to respond to the Rule 907 notice. Motion for Time Extension, 2/17/2017, at 2. On March 2, 2017, the PCRA court denied the motion as moot because it already had dismissed Appellant's petition by the time Appellant filed the motion. We note that Appellant requested the extension after his response to the Rule 907 dismissal notice was due. **See** Pa.R.Crim.P. 907(1) (requiring responses to be filed within 20 days of the date of the notice).

[2] The PCRA Court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Appellant filed a document entitled "Response to Statement Required," wherein he declined to state any errors in fear of unspecified corruption. Response to Statement Required, 3/31/2017, at 1. Appellant then challenged the PCRA court's service of various documents and requested that the judge who ruled upon his PCRA petition "step aside" because of an alleged conflict.
*(Footnote Continued Next Page)*

- 2 -

Before we may consider the merits of Appellant's issues, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011) (quoting ***Commonwealth v. Abu–Jamal***, 941 A.2d 1263, 1267–68 (Pa. 2008) ("[O]ur Supreme Court has stressed that '[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.'")).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

Appellant filed his petition thirteen years after his judgment of sentence became final. Thus, his petition is facially untimely. In his petition, Appellant neither pled nor offered to prove any timeliness exception. Therefore, the PCRA court was without jurisdiction to consider the merits of the petition.

---

*(Footnote Continued)*

***Id.*** Although it is difficult to decipher the issues raised in Appellant's brief, primarily because of Appellant's failure to state concisely the issues involved as required by Pa.R.A.P. 2116(a), Appellant appears to raise different issues in his brief than he raised in his concise statement. The Commonwealth urges us to find waiver of Appellant's arguments based upon the unclear nature of his brief and his failure to preserve the issues in his concise statement. Because clear jurisdictional issues bar a merits review, we do not reach the question of waiver.

Even if the PCRA court and this Court had jurisdiction to entertain Appellant's petition, he would still not be entitled to relief. To be eligible for relief pursuant to the PCRA, *inter alia*, at the time relief is granted, a petitioner must "currently [be] serving a sentence of imprisonment, probation, or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i); **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997). Appellant finished serving his sentences in 2004. Because Appellant is not currently serving a sentence at either docket number, he is not entitled to PCRA relief.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2017